988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joshua WASSON, by his legal representative, MARQUETIA
WASSON, Petitioner,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 92-5101.
 United States Court of Appeals, Federal Circuit.
 Jan. 29, 1993.
 
 Fed.Cl.
 AFFIRMED.
 Before RICH, ARCHER, Circuit Judges, and CURTIN, District Judge[1].
 PER CURIAM.
 
 
 1
 Joshua Wasson ("Petitioner"), by his legal representative Marquetia Wasson, petitions this court for review of a judgment from the United States Court of Federal Claims ("Court of Federal Claims"), Docket No. 90-208 V, affirming the Special Master's decision to award $23,939.11 in attorney fees and costs, a substantial reduction from the amount requested. We affirm.
 
 BACKGROUND
 
 2
 42 U.S.C. § 300aa-15(e) provides for reasonable attorney fees and other reasonable costs as part of the compensation for a vaccine-related injury or death under the National Childhood Vaccine Injury Act ("Vaccine Act"). Following litigation in which the respondent Department of Health and Human Services ("DHHS") conceded liability and only disputed the amount of compensation, petitioner's attorney filed an application for fees and expenses totalling $165,561.31 and submitted an 82-page document to support the demand for compensation of 698.5 attorney, paralegal, and consultant hours, plus expenses. He also requested reimbursement of a $9,527.20 expert witness fee.
 
 
 3
 The Special Master found the attorney compensation figure per se unreasonable and awarded $23,939.11 for 100 attorney hours, 30 paralegal hours, and expenses. In her decision, she found that counsel's time entries and activities were recorded in such manner that made it impossible to address them with any specificity. Therefore, she based her award on the relaxed and simplified Vaccine Act procedures, the relatively easy level of proof necessary, and the fact that DHHS did not contest causation. She also reduced the expert fee reimbursement to $3,200 by approximating costs allowed for similar services in other vaccine cases.
 
 
 4
 Petitioner sought review by the Court of Federal Claims, claiming that the Special Master erred in refusing to refer to the documentation submitted in calculating compensation. The court found no abuse of discretion in basing her decision on her own experience, general guidelines, and comparable awards of reasonable fees rather than examination of the hours specified in petitioner's documents. Nevertheless, the case was remanded for further explanation of the reasoning used to award the amounts specified, including discussion of the complexity of issues and cases of similar difficulty.
 
 
 5
 While the case was on remand, petitioner submitted to the Special Master a substantially revised demand for compensation of 189 attorney hours at $150 per hour plus expert fees. The new demand was supported by summaries of the activities and number of hours to be compensated. The Special Master did not consider these revisions in preparing her response, because the remand order "did not intend additional evidence or argument to be submitted by petitioner ..." but required merely an explanation of the reasoning involved in fixing the amount.
 
 
 6
 In the second decision, the Special Master explained that she found the case to be only moderately difficult compared to other vaccine cases. The calculations of the "unique" issues put forth by the petitioner did not appreciably add to the complexity of the issues or the amount of time reasonably spent. Furthermore, the injuries sustained by the infant plaintiff from polio required considerably less evaluation and effort on the part of attorney and expert than other vaccine cases in which much lower fees were awarded. The Special Master briefly described five cases of comparable difficulty, noting the attorney and paralegal hours allowed in each case. She concluded that the enormous effort expended by the attorney and expert in this case was due mainly to inexperience, especially since both she and the government's experts had given them considerable assistance. The Court of Federal Claims found the Special Master's additional explanation sufficient and affirmed her award.
 
 DISCUSSION
 
 7
 Although the court must review de novo the determination of the Court of Federal Claims to affirm the Special Master's award of attorney fees and costs, the underlying decision by the Special Master cannot be disturbed unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa-12(e)(2)(B); Munn v. Secretary of Health and Human Servs., 970 F.2d 863, 869 (Fed.Cir.1992); Hines v. Secretary of DHHS, 940 F.2d 1518, 1524 (Fed.Cir.1991).
 
 
 8
 Petitioner first challenges the Special Master's reliance on "comparable" cases to determine his attorney and expert fees. He claims that because the 1991 Vaccine Act was new at the time of litigation, the attorney had to deal with several issues of first impression whose complexity was not reflected in the cases cited by the Special Master. Moreover, the "pre-Act" cases cited were limited by a cap of $30,000 for pain and suffering awards, including attorney fees. Therefore, using the comparable cases as a yardstick underestimated the time and effort demanded in this case.
 
 
 9
 Petitioner further contends as follows: The Special Master abused her discretion in not analyzing the documentation of hours spent in deciding on reasonable fees and costs. Under the "lodestar" method, attorneys' fees are determined by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blanchard v. Bergeron, 489 U.S. 87, 94 (1989). The fee applicant bears the burden of proving that the number of hours submitted is reasonable, and this is usually done by submitting documentation of hours actually worked. In this case, the Special Master ignored petitioner's proffered evidence of hours worked and substituted her belief about how much time the attorneys should have spent. In all the cited comparable cases, awards were based on the itemizations submitted rather than comparison with other cases, and it was error for the Special Master not to do the same.
 
 
 10
 Finally, petitioner argues that the Special Master underestimated the value of the Vocational Expert, who apparently designed a new hedonics model of analysis for this case and who had to work with DHHS' inexperienced Life-Care Planner. The expert's efforts were not adequately reflected in a comparison with other cases.
 
 
 11
 None of petitioner's arguments merit overturning the Special Master's decision as an abuse of discretion. The Special Master relied on her considerable experience with Vaccine Act cases in general and her work with the petitioner's attorney in particular to determine how many hours were reasonably necessary only after she found it impossible to address with any specificity petitioner's submissions. She was justified in using pre-Act cases for comparison after finding that the evaluation required for a Post-Act case was not distinctly more difficult. The hedonics analysis done by the expert went to a determination of present and future pain and suffering and could be compared with results of more traditional evaluation methods to determine its value. She was not required to incorporate petitioner's revised documentation because the remand order was limited to a further explanation of her original decision.
 
 CONCLUSION
 
 12
 The Special Master did not abuse her discretion in substantially reducing compensation for attorney fees using her considerable experience with the Vaccine Act, her knowledge of the issues in this case, and comparison with awards in similar cases. We affirm the Court of Federal Claims' decision to uphold her award of attorney fees and costs.
 
 
 
 [1]
 The Honorable John Thomas Curtin, United States District Court for the Western District of New York, sitting by designation